# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC.,<br>425 Third Street SW, Suite 800<br>Washington, DC 20024,<br><br>    Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Avenue NW<br>Washington, DC 20530,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)  Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Justice to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff Judicial Watch, Inc. is a non-profit, educational foundation organized under the laws of the District of Columbia and having its principal place of business at 425 Third Street SW, Suite 800, Washington, DC 20024. Plaintiff seeks to promote integrity, transparency, and accountability in government and fidelity to the rule of law. As part of its educational mission, Plaintiff regularly requests records under FOIA to shed light on the operations of the

federal government agencies and to educate the public about these operations.  Plaintiff then analyzes the agency records and disseminates the results to the American public to inform them about "what their government is up to."

4.      Defendant U.S. Department of Justice is an agency of the U.S. Government and is headquartered at 950 Pennsylvania Avenue NW, Washington, DC 20530.  Defendant has possession, custody, and control of public records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5.      On April 23, 2018, Plaintiff sent a FOIA request to the FBI, a component of Defendant, via the FBI's "EFOIA Portal," seeking access to the following:

> **Any and all records regarding, concerning, or related to the appointment of Mr. Daniel Richman as an employee of the Federal Bureau of Investigation (including, but not limited to, any such appointment as a Special Government Employee).**

6.      The request further specified that it "includes, but is not limited to, any and all SF-50 and/or SF-52 forms, as well as any records documenting the nature of Mr. Richman's appointment and his official duties."  It also identified Richman as "currently a professor of law at Columbia University."  The time frame of the request was identified as "January 1, 2016 to the present."

7.      Richman is known for being the individual through whom former FBI Director James Comey disclosed to the media the contents of a memo Comey had written about a private meeting Comey had with President Donald J. Trump on February 14, 2017 concerning former National Security Advisor Michael Flynn.  Comey later admitted that he leaked the contents of the memo to the *New York Times* because, in Comey's words, it "might prompt the appointment of a special counsel."

8. The FBI acknowledged receipt of the request by email on April 23, 2018, the same day Plaintiff served the request.

9. As recently as February 27, 2020, the FBI claimed it was still "preprocessing" the request.

10. As of the date of this Complaint, the FBI has failed to make a determination about whether it will comply with the request, notify Plaintiff of any determination, or notify Plaintiff of its right to appeal any adverse determination to the head of the agency.  Nor has the FBI produced any records responsive to the request, indicated when any responsive records will be produced, or demonstrated that responsive records are exempt from production.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

11. Plaintiff realleges paragraphs 1 through 10 as if fully stated herein.

12. Defendant is in violation of FOIA.

13. Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

14. Plaintiff has no adequate remedy at law.

15. To trigger FOIA's administrative exhaustion requirement, Defendant was required to make a final determination on Plaintiff's request on or about May 21, 2018.

16. Because Defendant failed to make a final determination on Plaintiff's request within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to search for any and all records responsive to Plaintiff's FOIA request and demonstrate that it

employed search methods reasonably likely to lead to the discovery of records responsive to the request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to the request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  February 28, 2020                          Respectfully submitted,

                                                   */s/ Paul J. Orfanedes*
                                                   PAUL J. ORFANEDES
                                                   D.C. Bar No. 429716
                                                   JUDICIAL WATCH, INC.
                                                   425 Third Street SW, Suite 800
                                                   Washington, DC 20024
                                                   Tel:    (202) 646-5172
                                                   Email: porfanedes@judicialwatch.org

                                                   *Attorney for Plaintiff*